**Robert G. OAKBERG, Plaintiff–Appellant,**

v.

**ZIMMER, INC., Defendant–Appellee.**

No. 05–35231.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Dec. 1, 2006.

---

Daniel A. O'Fallon, Esq., Robins Kaplan Miller & Ciresi, LLP, Minneapolis, MN, Thomas M. White, Esq., Sedivy White & White, Bozeman, MT, for Plaintiff–Appellant.

John H. Maynard, Esq., Crowley, Haughey Hanson Toole & Dietrich, Helena, MT, David M. Wagner, Esq., Crowley Haughey Hanson Toole & Dietrich, Bozeman, MT, Albert J. Dahm, Esq., Andrew M. Spangler, Jr., Dahm & Elvin, LLP, Fort Wayne, IN, for Defendant–Appellee.

Before: D.W. NELSON and PAEZ, Circuit Judges, and RAFEEDIE,* District Judge.

### MEMORANDUM **

Appellant Dr. Robert Oakberg appeals the district court's grant of summary judgment in favor of Appellee Zimmer, Inc. ("Zimmer") on his claims for strict liability for the design, marketing, and selling of the Zimmer Centralign Precoat femoral stem ("Centralign"), negligence, and negligent misrepresentation. The district court

* The Honorable Edward Rafeedie, Senior Judge for the Central District of California, sitting by designation.

granted summary judgment after excluding the expert testimony of Albert Lippincott and Dr. Suzanne Parisian pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and limiting the testimony of Oakberg's treating physicians, Dr. Frank Humberger and Dr. Daniel Gannon, to statements contained in the medical records. These rulings left him without evidence that would create a genuine issue of material fact on the issue of causation. Oakberg appeals the grant of summary judgment, as well as the foregoing evidentiary rulings which precipitated it.

## I. Exclusion of Mr. Lippincott and Dr. Parisian's testimony

We review a district court's exclusion of expert testimony for abuse of discretion. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). This Court "will uphold the district court's decision unless that decision is 'manifestly erroneous.'" *Rogers v. Raymark Indus.,* 922 F.2d 1426, 1429 (9th Cir.1991) (citations omitted). We conclude that the court did not abuse its discretion by excluding this testimony. The court had a proper basis to conclude that the proposed testimony did not rest on a reliable foundation and that the experts were not qualified.

## II. Limiting Dr. Humberger and Dr. Gannon's testimony

The more problematic issue in this case is whether the district court erred by limiting Dr. Humberger's and Dr. Gannon's testimony to statements contained in the medical records simply because Oakberg's attorney failed to comply with the court's pre-trial order. We review rulings regarding compliance with pre-trial orders

for abuse of discretion, *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1341 (9th Cir.1992), and we conclude that the court abused its discretion.

The district court issued a scheduling order on November 4, 2003, which stated, "[a]n expert report is not required from a treating physician unless testimony to be offered by the treating physician will include opinions not expressed in [the] medical records." A fair reading of this order is that an expert report will not be required from a treating physician regarding factual testimony. As percipient witnesses, each of these orthopedic surgeons could testify to the basis for his treatment, diagnosis, and prognosis. The Advisory Committee Notes to Federal Rule of Civil Procedure 26(b)(4) recognize as much, stating, "[an] expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of this lawsuit ... should be treated as an ordinary witness." Thus, the treating physicians should have been permitted to testify to their observations regarding diagnosis, treatment, and prognosis. To the extent that Dr. Gannon's testimony would have addressed the cause of Oakberg's failed hip replacement, a conclusion reached during the course of diagnosis and treatment, the district court abused its discretion in excluding such testimony.[1]

## III. Causation

After the district court excluded Mr. Lippincott, Dr. Parisian, and the treating physicians' testimony, the court granted summary judgment because Oakberg could not present evidence of causation. We review *de novo* the district court's granting

---

1. We note that Zimmer would not suffer any prejudice if Dr. Gannon were permitted to testify to causation because Zimmer had ample opportunity to explore at Dr. Gannon's deposition his observations, diagnosis, prognosis, and treatment of Oakberg.

of summary judgment, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000), and we reverse and remand.

■ Although Oakberg's attorney conceded during oral argument before this court that he could not establish causation without Mr. Lippincott and Dr. Parisian's testimony, that concession does not "relieve [an appellate] court of its obligation to evaluate the merits of the legal issue presented on appeal." *United States v. Avery,* 295 F.3d 1158, 1169 (10th Cir.2002) (citation omitted). We believe that by conceding this point, Oakberg's attorney was making a tactical decision to highlight the importance of Mr. Lippincott and Dr. Parisian's testimony, the exclusion of which he sought to have us reverse.

■ However, Montana courts have adopted a flexible standard of proof on causation in product liability cases. *See Hagen v. Dow Chem. Corp.,* 261 Mont. 487, 863 P.2d 413, 417 (1993). According to Montana law, "it is well established that in actions dealing with product liability, sufficient evidence to make a prima facie case may consist of establishing the circumstances of the incident, similar occurrences under similar circumstances, and elimination of alternative causes." *Id.* (citation omitted).

Under the flexible standard of proof on causation in Montana, Dr. Gannon's opinion testimony—when considered alongside the medical records and the treating physicians' factual testimony—is sufficient to establish a genuine issue of material fact regarding causation. *See id.* Thus, we reverse the district court's grant of summary judgment on the product liability claims, and we remand for further proceedings consistent with this disposition.

## IV. Failure to Warn

■ The district court properly granted summary judgment on Oakberg's negligence claim alleging failure to warn. Al-

though Oakberg argues that Zimmer failed to disclose the negative effects of the Centralign's macrotexturing, to survive a motion for summary judgment for failure to warn under Montana law, a plaintiff must raise an issue sufficient to show "a causal link between the lack of a warning and the accident and injuries...." *Riley v. Am. Honda Motor Co., Inc.,* 259 Mont. 128, 856 P.2d 196, 200 (1993) (citations omitted). In *Riley,* the plaintiff failed to show that a warning would have changed his use of a product. The Supreme Court of Montana denied him relief for failure to warn, rejecting his argument that there should be a rebuttable presumption of causation for failure to warn, even though other jurisdictions have adopted such a presumption. *Id.* at 198–99; *cf. Wooderson v. Ortho Pharm. Corp.,* 235 Kan. 387, 681 P.2d 1038, 1057 (1984).

Here, it is undisputed that neither Dr. Humberger nor Oakberg read the Centralign package insert. Accordingly, even if the additional warning were printed in the package insert, they would not have been read. *See also Johnson v. Zimmer,* No. Civ. 02–1328, 2004 WL 742038, at \*10 (D.Minn. Mar.31, 2004) ("[R]egardless of any inadequacy of the warnings and instructions included with [Plaintiff's] Centralign, causation does not exist as a matter of law" where the implanting surgeon did not read the package insert included with the Centralign). Therefore, we affirm the district court.

## V. Negligent Misrepresentation

■ Finally, we conclude that the district court properly granted summary judgment on the negligent misrepresentation claim. To survive a motion for summary judgment on negligent misrepresentation, a plaintiff must raise a genuine issue that (1) the defendant made a false statement, (2) the defendant intended that

the plaintiff rely on it, (3) the plaintiff acted in reliance on it, and (4) the plaintiff was injured as a result. *See Yellowstone II Dev. Group, Inc. v. First Am. Title Ins.. Co.,* 304 Mont. 223, 20 P.3d 755, 771 (2001). Here, the necessary element of reliance is missing, given that Dr. Humberger's deposition testimony contradicts Oakberg's claim that he opted to use the Centralign after attending a seminar hosted by Zimmer. Thus, Oakberg failed to raise a genuine issue of material fact on reliance, and we affirm the district court's grant of summary judgment for negligent misrepresentation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Oakberg shall recover his costs on appeal.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.